**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00023-CV**

_____

**IN RE ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

**Original Proceeding**
**58th District Court of Jefferson County, Texas**
**Trial Cause No. A-203,954**

**MEMORANDUM OPINION**

Relator Allstate Vehicle and Property Insurance Company ("Allstate") seeks mandamus relief from an order compelling document production. On January 13, 2022, the trial court ordered Allstate to respond to the plaintiff's request to produce documents, referred to by the parties as "the McKinsey Slides" and "Homeowner CCPR", that previously were produced to plaintiff's counsel under a protective order in a federal action styled *Tarver v. Allstate Texas Lloyds*. We temporarily stayed production of the documents and obtained a response from the Real Party in Interest,

1

Hattie Dumas, before submitting the case to the Court.[1] After reviewing the petition, response, reply, the mandamus record, and applicable law, we conclude the trial court clearly abused its discretion by compelling document production in response to facially overbroad discovery requests and Allstate lacks an adequate remedy by appeal. We conditionally grant mandamus relief without considering the remaining issues presented by Allstate in its mandamus petition.

The trial court compelled Allstate to respond to Dumas's requests for production, as follows:

> Request 1:
> Produce a true and complete copy, in both digital and hard copy, of the following pages of the PowerPoint presentation slides [commonly referred to as "the McKinsey slides"] that were prepared in connection with the feasibility and implementation project performed by McKinsey & Company between 1992 and 2000 regarding Allstate's Claims Core Process Redesign ("CCPR") claim handling system. These slides were produced by opposing counsel on behalf of Allstate in October 2020 in Civil Action No. 1:19-CV-00586; *Steve Tarver and Janna Tarver v. Allstate Texas Lloyds*; In the United States District Court for the Eastern District of Texas; U.S. District Judge Michael Truncale, presiding. I have attached the complaint (Exhibit A), production requests (Exhibit B), motion to compel hearing transcript (Exhibit C), and the order signed by the district judge (Exhibit D)

---

[1] A suggestion of death is on file with the trial court. A motion to retain filed by plaintiff's counsel on August 18, 2021, stated that counsel had located Dumas's sister, Gwendolyn Scott-Lee, and that Scott-Lee had filed an application for appointment as administrator of the Dumas's estate. The mandamus record supplies no information about the current status of the probate proceedings. The live pleading, a motion to retain, and the motion to compel were filed by "Plaintiff" without further identification. For ease of reference, we refer to the Real Party in Interest as "Dumas".

ordering production in the *Tarver* case. There are approximately 13,455 pages in the requested McKinsey slide file.

Request 2:
Produce slides and documents that specifically refer to Homeowner CCPR to the extent that the previous production request does not encompass production of those slides. Specifically, produce slides and documents that specifically refer to homeowner water damage claims. These documents were also produced by opposing counsel on behalf of Allstate in October 2020 in Civil Action No. 1:19-CV-00586; *Steve Tarver and Janna Tarver v. Allstate Texas Lloyds*; In the United States District Court for the Eastern District of Texas; U.S. District Judge Michael Truncale, presiding.

Allstate complains that the trial court abused its discretion by ordering irrelevant, overbroad and disproportionately burdensome document production of thousands of pages of documents that are twenty to thirty years old and have no bearing on whether Allstate complied with its contractual and extra-contractual duties when handling Dumas's 2018 water damage claim.[2] Allstate argues there is no adequate remedy by appeal for the trial court's abuse of discretion in ordering irrelevant discovery that is not proportional to the needs of the case.

In response to Allstate's mandamus petition, Dumas argues the substance of her deceptive insurance practices and fraud allegations concern the requested documents. In her trial court pleadings, Dumas concedes the McKinsey Slides and Homeowner CCPR were created long ago, and that Allstate no longer uses CCPR

---

[2] In a separate issue, Allstate also contends that the trial court erred by striking the Declaration of Don Odom when considering Allstate's Motion for Reconsideration of the trial court's order.

3

terminology in its claims handling process. Dumas's pleadings include extensive recitations that Allstate likely has in its possession information about the mid-1990's CCPR program and allege:

> The goals, processes, and procedures of the McKinsey claim handling program have been absorbed into Allstate's overall way of doing business. While Allstate might no longer use the CCPR terminology, the concepts, and teachings of CCPR in using the claims handling department as a profit center remain in effect. Allstate never stopped using CCPR in its handling of insurance claims. Allstate never hired McKinsey or another consulting firm to take on the monumental task of teaching a different claims handling system to its employees, instilling a new claim handling culture, or ensuring the elimination of CCPR from Allstate's claim handling culture, goals, and procedures. The goals, processes, and procedures left over from the McKinsey claim handling program have been used to deny the plaintiff's claim in a deceptive, fraudulent, oppressive, and malicious manner. In the case at hand, Allstate employed its CCPR-based claim system in its handling of plaintiff's claim. In doing so, Allstate denied or underpaid plaintiff's claim as part of a strategy and scheme to guarantee or increase its surplus and shareholder returns. To date, Allstate continues to delay in the payment for the damages to the property. As such, the plaintiff's claim remains unpaid, and the plaintiff was never able to properly repair the property.

Dumas's lawsuit asserts a claim of bad faith, asserting that Allstate breached a duty of good faith and fair dealing by denying and delaying payment of a covered claim when Allstate knew or should have known its liability under the policy was reasonably clear following its January 31, 2018 inspection. She asserts a claim for breach of contract because Allstate refused to pay the full amount of the cost to repair or replace the property damage. Dumas asserts a claim for deceptive insurance practices alleging Allstate failed to adequately settle the claim, failed to affirm or

4

deny coverage within a reasonable time, refused to fully compensate Dumas under the terms of the policy, failed to timely acknowledge the claims within the statutorily mandated time of receiving notice, and failed to accept or deny the claim within the statutorily mandated time of receiving all information reasonably necessary to investigate the claim. In her pleadings, Dumas alleges Allstate violated the Insurance Code by refusing to pay a claim without conducting a reasonable investigation, and she alleges "[t]he McKinsey claims handling program instructed Allstate's claim representatives to handle plaintiff's claim in this manner."

Mandamus will issue to correct a discovery order if there is a clear abuse of discretion and there is no adequate remedy at law. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). A trial court abuses its discretion when its ruling is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

The Texas Rules of Civil Procedure allow a discovery request that has a reasonable expectation of obtaining information that will aid in resolution of the dispute. *See id*. at 152. That said, discovery requests must not be overbroad. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding). "A central consideration in determining overbreadth is whether the request could have

been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." *In re CSX Corp.*, 124 S.W.3d at 153.

"[A] party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex. R. Civ. P. 192.3(a). But "[o]verbroad requests for irrelevant information are improper whether they are burdensome or not[.]" *In re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding). An overbroad discovery request is one that seeks irrelevant information not properly tailored to the dispute at hand as to time, place, and subject matter. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 252 (Tex. 2021) (orig. proceeding). "It is the discovery proponent's burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding). When a party propounds overly broad requests, the trial court must either sustain the objection or narrowly tailor the requests. *In re Mallinckrodt, Inc.*, 262 S.W.3d 469, 474 (Tex. App.—Beaumont 2008, orig. proceeding).

"Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad." *In re CSX Corp.*, 124 S.W.3d at 152. Dumas is not entitled to discover documents

6

unrelated to the insurance event at issue. *See In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 225 (Tex. 2016) (orig. proceeding). A narrowly tailored document request about a tort committed in handling a claim should be reasonably limited in time and scope to near the time when the loss occurred and when the claim was processed. *See id*. Dumas alleges Allstate still uses the same claims handling "concepts" described in the McKinsey Documents, but she did not tailor her request to documents that were in effect when Dumas's claims arose.

Discovery, even of potentially relevant or admissible evidence, may not be used as a costly fishing expedition. *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (orig. proceeding). Rather, requests must be "reasonably tailored" to include only matters relevant to the case and must be limited to the relevant time. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding). A discovery order is overbroad if it could have been more narrowly tailored to avoid including tenuous information. *See In re CSX Corp.*, 124 S.W.3d at 153. If the requests are overbroad as to time, location, or scope, and could have easily been more narrowly tailored to the dispute at hand, mandamus may lie. *In re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667 at 669. We conclude that the trial court abused its discretion by compelling document production in response to facially overbroad requests for production. Mandamus is the proper remedy when a discovery order

7

compels production beyond the bounds of permissible discovery under the applicable rules of civil procedure. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d at 223.

We lift our stay order and conditionally grant mandamus relief. We are confident that the trial court will vacate the January 13, 2022 order compelling Allstate to respond to Dumas's request for production. A writ of mandamus will issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on February 8, 2022
Opinion Delivered April 14, 2022

Before Kreger, Horton and Johnson, JJ.